UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ETHLEAN MURRAY,                                  :
                Plaintiff,               :
                                         :
v.                                               :
                                                 :
PRINCIPAL ALEXIS THOMASON in her                 :
Personal and Official Capacity; STOREFRONT       :
ACADEMY HARLEM; PATRICIA                         :
LAMBERT-PETERS in her Personal Capacity          :
and Official; VINCENT AGNANO in his              :     **OPINION AND ORDER**
Personal Capacity and Official; WANDA A.         :
STEINMANN in her Personal and Official           :     17 CV 7004 (VB)
Capacity; JUDGE NILDA MORALES                    :
HOROWITZ in her Personal and Official            :
Capacity; JUDGE KATHIE E. DAVIDSON in            :
her Personal and Official Capacity; MALENA       :
J. MUSHTARE, ESQ. in her Personal and            :
Official Capacity; GLORIA J. VINELLI in her      :
Personal and Official Capacity; VERRIS B.        :
SHAKO in her Personal Capacity; JAMES            :
GARFEIN in his Personal and Official             :
Capacity; EVE BUNTING-SMITH in her               :
Personal Capacity; and ELLEN EAKLEY in her       :
Personal Capacity,                               :
                Defendants.              :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Ethlean Murray, proceeding pro se, brings this action against defendants Storefront Academy Harlem ("Storefront Academy") and its principal Alexis Thomason (collectively, "Storefront Academy Defendants"); Westchester County social services caseworker Patricia Lambert-Peters, supervisor Vincent Agnano, and attorney Wanda A. Steinman[1] (collectively, "County Defendants"); Westchester County Family Court Judge Nilda Morales Horowitz, Westchester County Family Court Judge Kathie E. Davidson, attorney

---

[1] Incorrectly sued herein as Wanda A. Steinmann.

1

Malena J. Mushtare, attorney James Garfein, and court staff Gloria J. Vinelli (collectively, "State Defendants"); process server Ellen Eakley; attorney Verris B. Shako; and attorney Eve Bunting-Smith, for constitutional violations related to plaintiff's loss of custody of her minor son, J.M.

In the second amended complaint ("SAC"), plaintiff brings claims for violations of her due process rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, conspiracy to violate due process rights, and violations of other constitutional rights. Plaintiff also asserts claims for violations of various federal criminal statutes, specifically, conspiracy against civil rights, deprivation of civil rights under color of law, and conspiracy against federally protected activities pursuant to 18 U.S.C §§ 241, 242, and 245. Plaintiff also appears to bring state law claims, including breach of contract, defamation, false arrest, fraud upon the court, and malpractice.

Now pending are six motions: (i) Storefront Academy Defendants' motion to dismiss the SAC under Rules 12(b)(5) and 12(b)(6) (Doc. #56); (ii) County Defendants' motion to dismiss the SAC under Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. #51); (iii) State Defendants' motion to dismiss the SAC under Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) (Doc. #39); (iii) Eakley's motion to dismiss the SAC under Rule 12(b)(6) (Doc. #44); (iv) Shako's motion to dismiss the SAC under Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. #73); and (v) Bunting-Smith's motion to dismiss the SAC under Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) (Doc. #75).

For the reasons set forth below, defendants' motions are GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

It is difficult to decipher plaintiff's allegations, as the SAC is largely unintelligible. Nevertheless, in deciding the pending motions, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. The following facts are taken from the SAC and the documents attached thereto or incorporated by reference therein, which the Court may consider in deciding the pending motions. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

I.  Factual Background

On September 5, 2017, plaintiff dropped off her eleven-year-old son J.M. at Storefront Academy, a private school in Harlem, to attend school. Plaintiff received a call from defendant Thomason, the Storefront Academy principal, who informed plaintiff that J.M. was no longer permitted to attend Storefront Academy. According to plaintiff, Thomason claimed to have sent a certified letter in April 2017 informing plaintiff that J.M. could not enroll for the 2017–2018 school year. Plaintiff alleges she never received the letter.

That same day, defendant Lambert-Peters, a caseworker for Westchester County Child Protective Services ("CPS"), informed plaintiff that a complaint of "inadequate guardianship" had been filed against her. (SAC ¶ 48). Lambert-Peters made an unannounced visit to plaintiff's home to investigate. Plaintiff subsequently sent multiple letters and complaints to CPS and informed them she would file a "complaint of educational neglect" against Principal Thomason. (Id. ¶¶ 54–55).

CPS launched a child neglect investigation into plaintiff's care of J.M. On September 12, 2017, with family court approval, CPS temporarily removed J.M. from plaintiff's custody. (See

Doc. #37-1 at 70–72[2] (family court notice of removal and plaintiff's application for child's return)). Plaintiff alleges defendants removed J.M. in "an act [of] retaliation," presumably for the complaints she filed against them. (SAC ¶ 57). Plaintiff alleges she informed the FBI about the "corruption ring." (Id. ¶ 60).

On September 15, 2017, defendant Judge Horowitz presided over a neglect proceeding in Westchester County Family Court. J.M. was released into his stepfather's custody. On September 17, 2017, however, plaintiff took J.M. to her sister's house in Ithaca, New York. On September 19, 2017, Judge Horowitz issued a temporary order of protection, removing J.M. from plaintiff's custody. (See Doc. #37-2 at 7 (order of protection)). On September 28, 2017, the Family Court issued a warrant for plaintiff's arrest. (See id. at 28 (certificate of warrant issued)).

On October 25, 2017, plaintiff was arrested and appeared before Judge Davidson. On October 30, 2017, Judge Davidson held a hearing in connection with the ongoing neglect proceeding of J.M. She issued a temporary order of protection, and J.M. was placed in foster care. (See Doc. #37-2 at 61 (record of October 30, 2017, family court hearing)).

Plaintiff brings this action against defendants involved in that removal proceeding "for allegedly engaging [in] an ongoing criminal conspiracy" to violate her due process and other constitutional and statutory rights. (SAC ¶ 1).

II.     Procedural History

On September 14, 2017, plaintiff filed a complaint (Doc. #1) and an emergency application for preliminary injunction and temporary restraining order seeking the return of her

---

[2]     The page numbers reflected here are the ECF page designations at the top of the document.

son to her custody. (Doc. # 4). During an on-the-record conference, the Court denied her application for emergency relief.

In an Order dated December 18, 2017, the Court warned plaintiff her case would be dismissed unless she showed cause in writing for her failure to comply with Fed. R. Civ. P. 4(m), which requires service on defendants within ninety days of the filing of the complaint. (Doc. #8).

By letter dated December 29, 2017, plaintiff requested an extension of time to serve defendants. (Doc. #9). By Memorandum Endorsement dated January 12, 2018, the Court granted plaintiff an extension until March 2, 2018. (Doc. #9). On March 2, 2018, however, rather than file proof of service, plaintiff filed an amended complaint, which she sent to defendants by certified mail. (Doc. #10).

By separate letters to the Court, defendants noted the deficiencies in plaintiff's service:

- On March 23, 2018, County Defendants stated they "received copies of the Summons and Complaint in this matter via certified mail at their places of business" and noted "none of the above-named County Defendants have been properly served to date." (Doc. #16). County Defendants asked for an extension "if and when service is deemed properly effected." (Id.).

- On March 23, 2018, the State Defendants stated they received a copy of the amended complaint by certified mail. They also noted "no summons has been issued as to any of them, as none of them were named defendants in the original complaint in this action." (Doc. #17).

- On March 26, 2018, Storefront Academy Defendants contended that service was not proper. (Doc. #21).

- On March 27, 2018, Eakley noted she was "never properly served as a copy of the Amended and Supplemented Complaint was merely sent to her in the mail." (Doc. #26).

- On March 27, 2018, Bunting-Smith requested an extension of time to respond to the amended complaint "which was defectively served." (Doc. #30).

By letter dated April 12, 2018, the plaintiff requested leave to file a second amended complaint. (Doc. #32). By Order dated April 13, 2018, the Court granted plaintiff's request.

(Doc. #33). Plaintiff filed the SAC dated May 14, 2018, with a 276-page attachment labeled as Volume 1 and Volume 2. (Doc. #37).

**DISCUSSION**

III. <u>Standard of Review</u>

    A. <u>Subject Matter Jurisdiction</u>

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." <u>Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont</u>, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Nike, Inc. v. Already, LLC</u>, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. <u>Conyers v. Rossides</u>, 558 F.3d 137, 143 (2d Cir. 2009).

When, as here, the case is at the pleading stage, in deciding a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." <u>Conyers v. Rossides</u>, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." <u>Buday v. N.Y. Yankees P'ship</u>, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting <u>Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992)) (internal quotation omitted).[3] When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence

---

[3] Plaintiffs will be provided with copies of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

B. Service of Process

When a defendant moves for dismissal for insufficient service of process under Rule 12(b)(5), a court must look to Rule 4, which governs "the content, issuance, and service" of process. DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). The Court may look to matters outside the complaint to determine whether it has jurisdiction. Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Plaintiff bears the burden of proving service of process was adequate. Obot v. Navient Sols., Inc., 726 F. App'x 47, 47 (2d Cir. 2018) (summary order). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d at 251.

C. Failure to State a Claim

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679. To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible

7

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

IV. Subject Matter Jurisdiction

As a preliminary matter, courts are divided on whether a defense based upon the Eleventh Amendment is jurisdictional, and therefore, whether it needs to be addressed first. See, e.g., Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ., 466 F.3d 232, 238 (2d Cir. 2006). Out of an abundance of caution, the Court will address the issue first.

State Defendants argue plaintiff's claims against them in their official capacities fail because of the doctrine of sovereign immunity.

The Court agrees.

State officers sued in their official capacities are immune from suit under the Eleventh Amendment absent a state's consent or an express statutory waiver of immunity. See McGinty

8

v. New York, 251 F.3d 84, 91 (2d Cir. 2001).  Courts have routinely held that New York has not waived, and Congress has not abrogated, sovereign immunity with respect to claims for constitutional violations under Sections 1981, 1983, or 1985.  Davis v. Westchester Cty. Family Court, 2017 WL 4311039, at *5 (S.D.N.Y. Sept. 26, 2017) (no waiver by New York); Evans v. New York State Dep't of Health, 1999 WL 568052, at *1 (2d Cir. July 30, 1999) (no abrogation under §§ 1981, 1983, or 1985).  Furthermore, the family court is part of the New York State Unified Court System, which "is unquestionably an arm of the State," see Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009); therefore, the family court is entitled to invoke its sovereign immunity from suit.  See Dyer v. Family Court, 2016 WL 7494864, at *2 (E.D.N.Y. Dec. 28, 2016).

Here, State Defendants are all state officers:  Judges Davidson and Horowitz are two New York state court judges; Vinelli is a secretary to a state court judge; Mushtare is a senior court attorney to a family court judge; and Garfein is counsel to the District Administrative Judge for the Ninth Judicial District.

Accordingly, the claims against State Defendants in their official capacities must be dismissed.

V.     Service of Process

State Defendants in their personal capacities, Storefront Academy Defendants, County Defendants, Shako, and Bunting-Smith argue plaintiff failed to serve defendants properly, and therefore, the claims against them should be dismissed.

The Court agrees.

A plaintiff must comply with Federal Rule of Civil Procedure 4(e) to ensure adequate service of process.  The rule states:

> [A] person . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Put simply, to effect service, a person may follow state law (here, New York law) under Rule 4(e)(1) or federal law under Rule 4(e)(2).

Under the law of New York, service requires either personal service <u>or</u> a two-step process: "first leaving the [summons and complaint] with a person of suitable age and discretion at the individual's actual place of business or usual place of abode, <u>and</u> second, mailing the same to the individual at the individual's last known residence or actual place of business." <u>Polite v. Town of Clarkstown</u>, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) (emphasis added). Personal service may also be made by <u>first class</u> mail under N.Y. C.P.L.R. 312-a. However, for service to be complete, the defendant must return a signed acknowledgment of receipt to the plaintiff. <u>See</u> N.Y. C.P.L.R. 312-a(b).

Additionally, to serve a county — and by extension, county officials in their official capacity — a plaintiff must serve process "to the chair or clerk of the board of supervisors, clerk, attorney or treasurer." N.Y. C.P.L.R. 311(a)(4); <u>Baity v. Kralik</u>, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014).

Finally, even when a plaintiff fails to effect service, if he or she demonstrates good cause, the court must allow for an appropriate extension for proper service. Fed. R. Civ. P. 4(m).

Moreover, the court has the discretion to grant extensions of the service period even when no good cause is shown. Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).

Here, plaintiff did not comply with either New York or federal law to serve defendants in either their official or individual capacities. In the SAC, plaintiff included a "certificate of service," which stated parties would be served by "certified mail." See SAC at 31. Certified mail is not an adequate method of service under either New York or federal law, Obot v. Navient Sols., Inc., 726 F. App'x at 48; Cassano v. Altshuler, 186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016), and plaintiff filed no other proof of service. Further, while plaintiff bears the burden to prove adequate service, nearly all defendants have demonstrated they were never properly served.

Despite defendants' demonstrations, plaintiff did not argue she had good cause for her failure to serve. Indeed, plaintiff fails to address service deficiencies in her opposition.

Therefore, the Court refuses to exercise its discretion to permit plaintiff additional time to serve defendants. The Court already warned plaintiff about the deficiencies in service and granted plaintiff a two-month extension to properly serve defendants. Plaintiff failed to do so. Defendants also raised service deficiencies in letters to the Court and plaintiff in March 2018 (Docs. ##16–17, 21, 26), and plaintiff again failed to serve defendants properly. The Court also notes plaintiff's claims in an unrelated 2017 action were dismissed for insufficient service. Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ., 2017 WL 4286658, at *6 (S.D.N.Y. Sept. 26, 2017).

Accordingly, plaintiff's claims against State Defendants in their individual capacities, Storefront Academy Defendants, County Defendants, Shako, and Bunting-Smith must be dismissed.

VI.     Claims Against Defendant Eakley

   A.     Service of Process

Defendant Eakley did not move to dismiss the SAC under Rule 12(b)(5) for insufficient service of process and therefore waives service. Onewest Bank N.A. v. Louis, 2016 WL 3552143, at *7 (S.D.N.Y. June 22, 2016), report and recommendation adopted, 2016 WL 4059214 (S.D.N.Y. July 28, 2016). Accordingly, the Court addresses the merits of plaintiff's claims against Eakley as the sole remaining defendant in this case.

   B.     Claims Based on Service of Family Court Petition

Having thoroughly reviewed plaintiff's allegations, the Court gathers the only claims against defendant Eakley arise from the service of a "fraudulent petition" in connection with the family court proceeding involving her son J.M. (SAC ¶ 32). Plaintiff alleges that on or about October 10, 2017, Eakley's company served plaintiff with a petition "containing material false statements," which lacked a valid date and signature. (SAC ¶ 159–60). Plaintiff alleges Eakley committed "mail fraud." (Id.).

Eakley argues plaintiff fails to state a claim as to unlawful service or mail fraud.

The Court agrees.

A duly licensed state process server cannot be held liable for lawfully serving process. While a process server may be liable for attesting to falsely serving process, see, e.g., Morris v. New York City, 2014 WL 3897585, at *1 (E.D.N.Y. Aug. 8, 2014), here, plaintiff does not allege Eakley attested to service never performed.

Plaintiff's allegations of criminal mail fraud pursuant to 18 U.S.C. § 1341 are insufficient because that statute does not create a private right of action. See Silva v. Neumel, 152 F.3d 920 (2d Cir. 1998). To the extent plaintiff alleges mail fraud as a predicate act for a Racketeer

Influenced and Corrupt Organizations Act ("RICO") claim, the allegations not only fail to suggest the existence of a fraudulent scheme or a mailing in furtherance of the scheme, see McLaughlin v. Anderson, 962 F.2d 187, 190–91 (2d Cir. 1992), but also fall short of alleging "a pattern of racketeering activity," as required to allege a civil RICO claim. See 18 U.S.C. § 1962(c).

Accordingly, plaintiff's claims against Eakley must be dismissed.

VII.   Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). However, leave to amend may "properly be denied for . . . futility of amendment." Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, plaintiff has already twice amended her complaint. Although the Court dismisses the SAC largely on procedural grounds, plaintiff was made aware of the procedural deficiencies and took no action to correct them. Furthermore, a liberal reading of the SAC indicates no valid claims are stated.

Accordingly, the Court declines to grant plaintiff leave to amend the SAC.

**CONCLUSION**

Storefront Academy Defendants' motion to dismiss is GRANTED.

County Defendants' motion to dismiss is GRANTED.

State Defendants' motion to dismiss is GRANTED.

Eakley's motion to dismiss is GRANTED.

Shako's motion to dismiss is GRANTED.

Bunting-Smith's motion to dismiss is GRANTED.

The Clerk is directed to terminate the motions (Docs. ##39, 44, 51, 56, 73, 75) and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 19, 2018
      White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge